UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANE M RIPBERGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:11-cv-01394-TWP-MJD |
| vs. ) | |
| ) | |
| CORIZON, INC., ) | |
| ) | |
| Defendant. ) | |

## Order on Motion to Compel and Motion to Strike

This matter is before the Court on Plaintiff Diane M. Ripberger's ("Ripberger") Motion to Compel Discovery pursuant to Federal Rule of Civil Procedure 37. [Dkt. 37.] Additionally before the Court is Defendant Corizon, Inc's ("Corizon") Motion to Strike Plaintiff's Reply Memorandum in Support of Plaintiff's Motion to Compel Discovery. [Dkt. 42.] On August 15, 2012, the Court held a hearing to address these Motions. Being duly advised, the Court hereby **GRANTS IN PART** and **DENIES IN PART** the Motion to Compel, [Dkt. 37], and **DENIES** the Motion to Strike Plaintiff's Reply.[1] [Dkt. 42.]

---

[1] Defendant objects to Plaintiff's reply brief as untimely, which it undoubtedly was. The Court eatablished a briefing schedule for Plaintiff's motion to compel and ordered Plaintiff to file any reply in support of such motion by no later than August 10, 2012. [Dkt. 39.] Plaintiff filed her reply in support of the motion two days late on August 12, 2012. [Dkt.41.] Defendant further moved to strike the reply brief to the extent it raised new arguments not addressed in Plaintiff's original motion. With regard to the second point first, the Court finds that, while Plaintiff's reply may have expanded upon and clarified the arguments she raised in her opening motion, the reply did not raise wholly new arguments in the reply sufficient to justify its being stricken. With regard to the timeliness issue, while the Court does not condone Plaintiff's counsel's tardiness and cautions said counsel regarding any potential future disregard of the Court's deadlines, the reality of the situation is that Plaintiff's counsel could have raised the issues addressed in the reply during oral argument and, for that matter, could have read the reply brief into the record. Counsel for Defendant and the Court benefitted both from the prior notice of Plaintiff's arguments provided by the reply and the more organized manner of submitting those arguments in writing. The oral argument provided Defendant a full and fair opportunity to respond to the arguments addressed in Plaintiff's reply. Furthermore, in light of the fact that the Court provided an opportunity for the submission of supplemental authority after the hearing, and both parties used that opportunity to make additional argument, [*see* Dkt. Nos. 43, 45 & 46], the Court finds no prejudice to Defendant from Plaintiff's reply brief. Accordingly, Defendant's motion to strike Plaintiff's reply, [Dkt. 42], is **DENIED**.

## I. Background

This case involves Ripberger's claims for sex and age discrimination and her claim for retaliation. In the summer of 2010, the Indiana Department of Correction ("IDOC") contracted with Corizon to perform substance abuse counseling at several Indiana prisons, including the prison in Pendleton, Indiana. Before contracting with Corizon, IDOC employed ninety-three substance abuse recovery employees throughout the State, including Ripberger who worked at the Pendleton facility as a Substance Abuse Counselor. Corizon's contract with the IDOC, however, allotted for only eighty-eight substance abuse recovery employees.

Current IDOC employees interested in positions with Corizon were required to submit an employment application, an Employee record form, and their last IDOC pay stub. Thereafter, Corizon set up interview panels to collect the applications and interview the applicants. After the interviews, the panel notified John Dallas ("Dallas") Vice President of Operation for Indiana and Theresa Halsey ("Halsey"), the Corizon recruiter, of the names of those interviewed. Ripberger submitted her application materials and Corizon interviewed her on August 16, 2010.

According to Corizon, Acting IDOC Substance Abuse Director Mike Schoenradt ("Shoenradt") made the hiring and placement decisions because he was familiar with the IDOC applicants. While Schoenradt was still an IDOC employee, Corizon and Schoenradt had negotiated a position for Schoenradt effective September 1, 2010. Schoenradt and his IDOC supervisor Jerry Vance ("Vance") determined that some positions—including Ripberger's position working in the maximum security prison treating level 4 inmates—would need to be eliminated to account for the reduced number of substance abuse recovery positions.

Although the position treating level 4 inmates at the Pendleton facility was eliminated, according to Corizon, there was a need at the Miami Correctional facility for a substance abuse

counselor with experience working with level 4 inmates. Corizon contends it offered Ripberger a position at the Miami facility, but she refused the position, because she did not want to travel. Ripberger contends Corizon never offered her a position at the Miami facility; rather, Corizon told her that she could apply for a position at the Miami facility. Ripberger believes that Corizon suggested the position in the Miami facility as a way to get rid of her, because Corizon knew that Ripberger was not interested in the position. In the end, Ripberger never went to work for Corizon.

## II. Standard of Review

Federal Rule of Civil Procedure 26 allows for broad discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In the discovery context, relevancy encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.,* 206 F.R.D 615, 619 (S.D. Ind. 2002) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

Under Rule 37, if a party refuses to respond to a discovery request, then the opposing party may move for an order to compel disclosure. Fed. R. Civ. P. 37(a). The objecting party has the burden to show why a particular request is improper and must do more than merely invoke the "often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." *Great Am. Ins. Co. v. Architectural Material, Inc.,* No. 4:11 cv 20, 2011 WL 4688831, at *2 (N.D. Ind. Oct. 4, 2011) (citations omitted).

# III. Discussion

In her Motion to Compel, Ripberger moves the Court for an order compelling Corizon to produce documents and items in response to five of her Requests for Production. The Court will address each Request and Corizon's Response to the Request in turn.

### A. Plaintiff's Request for Production No. 2.

> **Request No. 2:** All documents relating to Plaintiff's effort to seek employment with Corizon, including, but not limited to, records, notes, calendars, schedules, memoranda, e-mail, correspondence, diaries, journals, or other notations.
>
> **Response**: Defendant will produce the requested documents.

[Dkt. 37 Ex. 1 at 2.]

While there is no objection to this Request, Ripberger believes that not all documents relating to her effort to seek employment with Corizon have been produced. Ripberger contends that, because Ripberger's only involvement with Corizon was to seek employment, that **any** non-privileged documents Corizon has related to Ripberger should be produced. The Court agrees with Ripberger. Corizon parses this Request too narrowly. Ripberger never worked for Corizon, so any communications that relate or refer to her could be related to her efforts to seek employment. To be complete, that is what should be produced in Response to Request No. 2. Accordingly, the Court orders Corizon to produce all non-privileged or non-work product documents that refer or relate to Ripberger from July 1, 2010 forward. Defendant's electronically stored information shall be searched for the term "Ripberger" and all non-privileged or non-work product documents containing that term shall be produced. Such production shall be completed by no later than September 27, 2012.

**B. Plaintiff's Request for Production No. 3.**

> **Request No. 3**: All documents that refer, relate, or in any way pertain to your receipt of income from (and including) January 1, 2010, to present, including, but not limited to, income tax returns and supporting documentation.
>
> **Response:** Defendant objects to Request No. 3 because it calls for privileged and proprietary information, is overly broad, unduly burdensome, and seeks documents that are irrelevant and not calculated to lead to the discovery of admissible evidence. The Age Discrimination in Employment Act does not provide for punitive or compensatory damages so Defendant's financial information is irrelevant to Plaintiff's claim.

[Dkt. 37 Ex. 1 at 2-3.]

The Court overrules, in part, Corizon's objection to Request No. 3. While Corizon's first objection is that such documents are privileged, during the hearing Corizon clarified that privileged was "probably a bad word" and its objection is really based upon the documents being confidential and proprietary. [Oral Argument at 4:59:30]. The current protective order in place, however, can be expanded to cover the tax returns. Because a protective order is obtainable, that the documents are confidential and proprietary is not a basis to object to their production.

Moreover, Request No. 3 is relevant to a claim or defense—Ripberger's punitive damages claim—and is therefore discoverable under Rule 26. Ripberger also argues that Corizon's tax returns are relevant to its ability to have appropriate policies and practices to prevent discrimination and to properly train its employees.

In its Brief in Opposition, however, Corizon argues that its tax returns are irrelevant to Ripberger's claims and damages. In support, Corizon cites to *Yund v. Covington Foods, Inc.*, 193 F.R.D. 582, 586-89 (S.D. Ind. 2000). In *Yund*, the court found that Seventh Circuit precedent "holds that a corporate defendant's net worth is irrelevant to the assessment of punitive damages against it …." *Id.* at 589. The Seventh Circuit precedent referred to in *Yund* is from *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 508-09 (7th Cir. 1992). In *Zazu*, the Seventh

5

Circuit stated that "[f]or natural persons the marginal utility of money decreases as wealth increases, so that higher fines may be needed to deter those possessing great wealth. Corporations, however, are not wealthy in the sense that persons are." 979 F.2d at 508. According to the court, it is the investors that pay any punitive damage awards—as the price of their shares decreases—and the investors may be of average wealth. *Id.*

This Court need not engage the Seventh Circuit in an economic debate regarding the definition of corporate wealth, because, contrary to *Yund*, the Court finds such statements dicta and not binding precedent. In *Zazu*, the court concluded that "[g]iven our conclusion in Part I, L'Oréal prevails on the merits and ZHD is not entitled to damages of any size," including punitive damages. *Id.* at 509. The discussion questioning the relevance of a corporation's wealth occurs in Part II of the decision after the Court found L'Oréal had prevailed on the merits and is, therefore, dicta.

Corizon also cites to *Finch v. City of Indianapolis* for support. No. 1:08-cv-0432-DML-RLY, 2011 WL 2516242, at *3-7 (S.D. Ind. June 23, 2011). In *Finch*, the court found that "there is no question … that a claim for punitive damages … makes a defendant's personal wealth relevant." *Id.* at 3 (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 269-70 (1981)). The court, however, balanced the relevance of the information with other additional legitimate concerns. *Id.* at 4. In the end, the court found that the discovery of the individual defendants' personal financial information should not proceed until after the court determined the defendants' qualified immunity defenses and plaintiff demonstrated some factual bases for the allegation that the defendants' conduct would support an award of punitive damages. *Id.* at 5-7.

Here, the Court finds Corizon's financial information relevant to Ripberger's punitive damage claim; however, such information is not relevant at this stage of the litigation.

Accordingly, the Court orders Corizon to produce the last two fiscal years of its audited financial statements or if no audited financial statements exist, then Corizon is to produce its unaudited financial statements.[2] The Court also orders Corizon to advise the Court within ten days of this Entry if such financial statements do not exist. The Court, however, delays production of the financial statements until seven days after the date of the ruling on any Motion for Summary Judgment that may be filed by Corizon; Corizon shall produce the financial statements by no later than November 15, 2012 if Corizon files no dispositive motion.

Additionally, the Court enlarges the time for Ripberger to conduct a deposition of Corizon with regard to these financial statements until fourteen days after the production of such financial statements. However, if in a motion for summary judgment Corizon raises the defense of inability to fund training—or any other financial inability argument is raised by Corizon in a dispositive motion—Ripberger may move for reconsideration of the timing of production of the financial statements, and the Court may order an immediate production of the financial statements.

**C. Plaintiff's Request for Production Nos. 4 and 5.**

> **Request No. 4:** All personnel documents, including training, experience, credentials, complaints, investigations, and discipline, relating to Mary Mansfield, Mike Schoenradt, and all other persons involved in the failure to hire Plaintiff.
>
> **Response:** Defendant objects to Request No. 4 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are irrelevant, which are not calculated to lead to the discovery of admissible evidence, and because it seeks to invade the privacy of non-parties to this action. *See* Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (holding personnel files non-discoverable in discrimination action based on irrelevance and employee privacy interest); Koppman v. S. Cent. Bell Tel. Co., 1991 WL 214034, *2 (E.D. La. 1991) (holding personnel files non-discoverable in discrimination based on

---

[2] The Court would be amenable to an attorney's eyes only provision in the protective order, because this is purely related to a legal argument, and there would be no need for anyone other than Ripberger's attorney to see the financial statements. Corizon should move to amend the protective order in this matter if such an amendment is desired.

> confidentiality and irrelevance). Moreover, Plaintiff was not hired because she declined Defendant's offer of employment; thus, there was no "failure to hire" on Defendant's part.

[Dkt. 37 Ex. 1 at 3.]

> **Request No. 5:** All personnel documents, including training, experience, credentials, complaints, investigations, and discipline, relating to Randy Smith, Avery Thomas, Kate Sanders, Donna Diggins, Richard Dale Flemming, Anna Safin, and all other persons hired as substance counselors and all other related positions in the Pendleton area from July, 2010 to the present.
>
> **Response:** Defendant objects to Request No. 5 on the grounds that it is overly broad, unduly burdensome, and seeks documents that are irrelevant, which are not calculated to lead to the discovery of admissible evidence, and because it seeks to invade the privacy of non-parties to this action. *See* Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994) (holding personnel files non-discoverable in discrimination action based on irrelevance and employee privacy interest); Koppman v. S. Cent. Bell Tel. Co., 1991 WL 214034, *2 (E.D. La. 1991) (holding personnel files non-discoverable in discrimination based on confidentiality and irrelevance).

[*Id.* at 3-4.]

With regard to these two requests, Plaintiff continues to seek the production of the personnel files of Mary Mansfield, Tom Applegate and Richard Dale Fleming. Corizon objects on the grounds that the information in those personnel files is not relevant and that the privacy interests of these non-parties precludes the production of their personnel files.

With one possible exception, Plaintiff has failed to demonstrate how any information located in the personnel files of Mary Mansfield, Tom Applegate and/or Richard Dale Fleming is reasonably calculated to lead to the discovery of admissible evidence relating to any claim or defense in this matter. Fed. R. Civ. P. 26(b)(1). Accordingly, those documents would typically be outside the scope of discovery. The one exception would apply if one or more of those individuals were to be presented to testify in this matter. At the point an individual becomes a witness, that individual's propensity for truthfulness or untruthfulness becomes relevant to the

8

proceeding and the individual's personnel file may contain evidence relevant to that inquiry. Accordingly, if Mary Mansfield, Tom Applegate and/or Richard Dale Fleming are going to provide testimony in this matter, by affidavit or otherwise, the Court finds that information in their personnel files would be reasonably calculated to lead to the discovery of admissible evidence in this matter.

With regard to Corizon's expressed concerns regarding the privacy interests of the individuals in question, the Court notes it entered a protective order in this matter to protect the confidentiality of just such information. [Dkt. 33.] Furthermore, if the "personnel files" of Mary Mansfield, Tom Applegate and/or Richard Dale Fleming are ordered to be produced, such production shall be limited to such individuals' job applications, resumes, job transfer requests and any documents reflecting any evaluation and/or discipline of such individual. Consequently, any production will be limited to only those documents that could reasonably be anticipated to provide insight into the propensity for truthfulness of a potential witness in this matter, thereby further limiting any concerns regarding any potential invasion into the privacy of the individuals in question.

Accordingly, if Corizon has an intent to offer any testimony on summary judgment or at trial from Mary Mansfield, Tom Applegate and/or Richard Dale Fleming, then Corizon shall produce the personnel file of such witness(es) by no later than September 27, 2012. Similarly, if Plaintiff schedules the deposition of Mary Mansfield, Tom Applegate and/or Richard Dale Fleming, then Corizon shall produce the personnel file(s) of such witness(es) for receipt by counsel for Plaintiff at least three business days prior to the date of the deposition. Likewise, if Mary Mansfield, Tom Applegate and/or Richard Dale Fleming have already been deposed in this

matter, then Corizon shall produce the personnel file of such witness(es) no later than September 27, 2012.

**D.  Plaintiff's Request for Production No. 26.**

>   **Request No. 26:** All documents relating to all complaints (regardless of whether formal or informal) relating to discrimination or retaliation by the Defendant in Indiana in the past five years, including complaints, investigations, actions considered, actions taken, and actions not taken.
>
>   **Response**: Defendant objects to Request No. 26 on grounds that it seeks information neither relevant to the subject matter of this action nor reasonably likely to lead to the discovery of admissible evidence.  Documents related to the allegations of discrimination and/or retaliation directed against others are not probative of discrimination directed at an individual plaintiff and, thus, are not properly discoverable in an individual discrimination action.  *See* Gilty v. Village of Oak Park, 919 F.2d 1247, 1252 & n.7 (7th Cir. 1990); *see also* Sallis v. University of Minn., 408 F.3d 470, 477-78 (8th Cir. 2005) (district court properly limited discovery to information regarding department in which plaintiff worked; plaintiff's request for information on every allegation of discrimination by all complainants in all departments was overly broad and unduly burdensome); Johnson v. Southern Railway Co., 1977 WL 91 (N.D. Ga. 1977) at *7 (holdings discrimination charges against other employees of defendant irrelevant and not discoverable).  Defendant further objects to Request No. 26 as overbroad and burdensome and as seeking information neither relevant to the subject matter of this action nor reasonably likely to lead to the discovery of admissible evidence because it seeks information that is not limited to a relevant subject matter, or a relevant employee group.  Defendant further objects to the extent Request No. 26 seeks documents protected by the attorney-client privilege and/or the work product doctrine.

[Dkt. 37 Ex. 1 at 9-10.]

With regard to Request No. 26, both parties' arguments are well taken and both parties cite case law supporting their respective positions.  The Court finds that, under Rule 26, at least some complaints of discrimination or retaliation are relevant, but, as written, Plaintiff's Request is overbroad.

Ripberger, however, has further limited her Request to complaints of sex discrimination, age discrimination, or retaliation.  At the hearing, Corizon suggested that, if the Court were

inclined to order production of complaints, it would be appropriate to limit the production to any complaints against Schoenradt for age discrimination, sex discrimination, or retaliation under Title VII during Schoenradt's employment with Corizon. In response to the Court's question as to why the scope should not be limited to complaints against Schoenradt, Ripberger's counsel argued that it was Schoenradt's supervisors that directed Schoenradt to hire as many people as he could from the IDOC, but that Schoenradt did not do so because he did not want to hire Ripberger. If, however, Schoenradt's failure to hire Ripberger was contrary to his supervisor's instructions, anything else happening within Corizon is irrelevant. Therefore, the relevant focus is on Schoenradt's and any complaints against him. Accordingly, the Court orders Corizon to produce any complaints against Schoenradt for age discrimination, sex discrimination, or retaliation under Title VII during Schoenradt's employment with Corizon by no later than September 27, 2012.

## IV. Conclusion

For the above stated reasons, the Court GRANTS IN PART and DENIES IN PART Ripberger's Motion to Compel. [Dkt. 37.]

Dated:   09/20/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel